## 74574. BRYANT v. FOOD GIANT, INC.
(361 SE2d 38)

BENHAM, Judge.
Appellant's automobile collided with a truck owned by appellee

Food Giant, Inc., and appellant sued the company for personal injuries she suffered as a result of the accident. A jury returned a verdict for Food Giant, Inc., and the trial court entered judgment accordingly. Appellant's motion for new trial was denied and she appeals, raising two enumerations of error. We affirm.

1. Appellant asserts that the trial court erred in excluding from evidence portions of deposition testimony given by a therapist who had treated appellant after the accident. Appellant argues that since appellee made no objection to the testimony at the time the deposition was taken, it waived the right to object at trial. This argument has no merit, inasmuch as the record reflects that the parties agreed at the beginning of the deposition that all objections would be reserved until the time of trial except for objections to the form of the question and the responsiveness of the answer. Since appellee's objection was on hearsay grounds, it was properly made for the first time at trial. Appellant's contention that OCGA § 9-11-32 (d) (3) (B) required appellee to make its objection at the deposition or to waive it also fails under the parties' agreement at the deposition to reserve such objections until trial. *Rigby v. Powell*, 236 Ga. 687 (1) (225 SE2d 48) (1976). Appellant also contends that the excluded testimony was admissible under OCGA § 24-3-4 as a statement made for medical diagnosis or treatment. However, she did not assert that ground for admissibility at trial when the trial court asked for her response to the hearsay objection, and so we will not consider it for the first time on appeal. *Fred F. French Mgt. Co. v. Long*, 169 Ga. App. 702 (2) (314 SE2d 666) (1984).

2. Appellant, relying on OCGA § 9-11-32 (a) (5), claims that the trial court erred in excluding from evidence portions of a doctor's deposition testimony. OCGA § 9-11-32 (a) (5) states that "[i]f only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced. . . ." The excluded portion of the deposition referred to the fact that on appellant's third visit to the physical therapist, six days after the accident, she complained of pain in her right jaw region. The trial court ruled that the testimony in question was not relevant. We agree with the ruling, since the line of questioning appellee was pursuing at the time appellant sought admission of the evidence only addressed appellant's initial physical examinations, diagnoses, and complaints of pain, and not those made later. If appellant felt the evidence was crucial to her case, she could have availed herself of the right to introduce it at an appropriate time during the trial, as "any party may introduce any other parts" of a deposition once a part of that deposition is offered into evidence. OCGA § 9-11-32 (a) (5).

3. Appellee's motion for imposition of a penalty for frivolous appeal is denied.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in the judgment only.*

·DECIDED SEPTEMBER 10, 1987.

*James R. Jester*, for appellant.
*Donald P. Edwards*, for appellee.