A90A1385. CHRISTENSEN et al. v. INTELLIGENT SYSTEMS MASTER LIMITED PARTNERSHIP.

(399 SE2d 495)

Pope, Judge.

In January of 1986 defendant Roy E. Christensen entered into negotiations with plaintiff Intelligent Systems Master Limited Partnership to purchase its wholly-owned subsidiary, Asher Technologies, Inc. Christensen submitted a written proposal to Intelligent Systems, dated March 5, 1986, whereby he expressed his intent for either him or his "nominee" to purchase the company pursuant to certain terms and conditions. Evidence was presented at the trial of this case that in reliance on Christensen's expressed intent, Intelligent Systems permitted Christensen to take over the operation of Asher Technologies in April while the purchase agreement was being finalized. Between April and July, Intelligent Systems advanced a total of $600,000 to Asher Technologies to cover operating expenses which was to be paid back as part of the purchase agreement which was being negotiated throughout this period. In April, Christensen incorporated an entity known as Christensen Electronics, Inc., and became its president. All further negotiations for the purchase of Asher Technologies were conducted by Christensen acting in his capacity as president of Christensen Electronics, including a letter of intent signed in that capacity dated April 3, 1986. Ultimately, Christensen Electronics refused to close on the sales agreement and Intelligent Systems filed an action against both Christensen and Christensen Electronics. Evidence was presented that another loan of $400,000 was advanced to Asher Technologies to compensate for losses sustained while it was operated by Christensen. At the trial of the case the jury returned a verdict against Christensen Electronics in the amount of one dollar for breach of contract and against Christensen, individually, in the amount of $166,666.66 on plaintiff's claim of promissory estoppel. Defendant Christensen (individually) appeals.

1. Defendant's first two enumerations of error assert that the trial court erred in denying defendant's motion for directed verdict on the promissory estoppel claim and his motion for judgment notwithstanding the verdict. Defendant argues no evidence was presented to support the promissory estoppel claim and that the verdict against the corporation for breach of contract precludes a finding of liability for promissory estoppel. The verdict form indicates the jury found only against the corporation on the breach of contract claim and found defendant Christensen individually liable only on the theory of promissory estoppel. This indicates the jury found in favor of the plaintiff on two separate causes of action. The evidence supports such a finding since plaintiff presented evidence it was injured not only by the breach of the agreement to purchase Asher Technologies but also by

the loss of funds advanced to operate the business while the agreement was being negotiated. Even if the breach of contract was committed by the corporation and not Christensen, individually, evidence was presented from which the jury could find the funds were advanced in reliance upon the promises of Christensen, individually. Therefore, the jury could find Christensen individually liable for the loss of these funds pursuant to the doctrine of promissory estoppel, OCGA § 13-3-44. Even when a party may not be liable for breach of contract, a cause of action under the doctrine of promissory estoppel may remain. See *20/20 Vision Center v. Hudgens*, 256 Ga. 129 (7) (345 SE2d 330) (1986).

Moreover, defendant admitted at trial that Christensen Electronics had no employees other than himself and no assets other than a "few thousand dollars" and the letter of intent to purchase Asher Technologies. In essence, the evidence showed Christensen Electronics was merely a shell corporation and the jury was entitled to pierce the corporate veil and find defendant Christensen individually liable for the obligations of the corporation. Thus, even if the promises plaintiff relied upon to advance the operating funds were those of the corporation, the evidence would permit plaintiff to hold defendant Christensen individually liable.

2. The measure of damages for plaintiff's claim of promissory estoppel is the amount advanced for operating funds in reliance on defendant's promise to execute the sale agreement and reimburse plaintiff as part of the payment. We reject defendant's argument that no evidence was presented from which the jury could calculate damages under the promissory estoppel claim. Evidence was presented that one million dollars was advanced by plaintiff to Asher Technologies for losses sustained during the six-month period the corporation was operated by Christensen. The amount awarded by the jury was exactly one-sixth of the total amount advanced. Evidence was presented from which the jury could find plaintiff relied on the representations of defendant Christensen, individually, for the first month after operation of the company was taken over by Christensen and that after plaintiff learned that Christensen Electronics had been incorporated, plaintiff thereafter relied on the representations of the corporation. Construing the evidence in the light most favorable to the verdict, it appears the jury found defendant Christensen was personally liable for one-sixth of the funds advanced to operate the company. The evidence supports the award of damages.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 24, 1990 —
REHEARING DENIED NOVEMBER 29, 1990 —

*Hotz & Associates, Walter H. Hotz,* for appellants.
*Kilpatrick & Cody, Stephen E. Hudson, Marc K. Ritzmann, William H. Boice,* for appellee.