## A99A1803. AMBROSE et al. v. SHEPPARD.
(528 SE2d 282)

ELLINGTON, Judge.

Isaiah and Cynthia Ambrose appeal the grant of summary judgment to Larry G. Sheppard in this action against Sheppard and Gay Wood Company for property damage caused when Gay Wood Company cut timber on the Ambroses' land. Because material issues of fact remain for jury resolution on the Ambroses' promissory estoppel claim, we reverse.

> "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof

at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo. *Walker v. Virtual Packaging, LLC*, 229 Ga. App. 124 (493 SE2d 551) (1997).

*Pacrim Assoc. v. Turner Home Entertainment*, 235 Ga. App. 761, 762 (510 SE2d 52) (1998).

Viewed in this light, the record reveals that Sheppard owned almost 1,300 acres of timberland in Monroe County. In November 1992, he conveyed the timber rights to about 600 acres of that land to Gay Wood Company. Seven months later, Sheppard sold 234 of those 600 acres to the Ambroses. The warranty deed to the Ambroses stated that the sale was subject to Gay Wood Company's timber rights. At closing, Sheppard signed a document entitled "Agreement Concerning Pine Timber Removal, Rights and Duties." In that agreement, Sheppard promised to "stand good for" Gay Wood Company's "cutting and cleanup operations so as to insure that there is compliance with the Georgia Forestry Commission Best Management Practices." He also promised to monitor the timber removal and to be "responsible for the performance in the event that there is any substandard compliance." Sheppard admitted there was an "understanding" that he would monitor the timber harvesting, and he did, in fact, visit the property for that purpose. An affidavit by a representative of the Ambroses, John Ambrose, states that the "agreement was part and parcel of the entire transaction, and the transaction would not have closed and the property would not have been purchased if Sheppard had refused to execute the agreement." The Ambroses contend that Gay Wood Company cut hardwoods and failed to leave standing the number and quality of pine trees as agreed. In September 1996, the Ambroses filed a complaint against Gay Wood Company and Sheppard. The trial court granted Sheppard's motion for summary judgment without stating the basis for it.

Sheppard argues that because the Ambroses did not plead promissory estoppel in the complaint, they may not now pursue that cause of action. Although the Ambroses' complaint does not contain a specific claim for promissory estoppel, Count 1 of the complaint does allege facts sufficient to put Sheppard on notice of such a claim. See

*Gosule v. Bestco, Inc.*, 227 Ga. App. 863, 866 (2) (a) (490 SE2d 532) (1997).

To survive summary judgment on their claim of promissory estoppel, the Ambroses were required to present evidence from which the jury could infer that (1) Sheppard made the Ambroses a promise; (2) that Sheppard expected the Ambroses to rely on that promise; (3) that the Ambroses did, in fact, rely upon it; and (4) that injustice may be avoided only by enforcing Sheppard's promise. OCGA § 13-3-44 (a); *Fidelity &c. Co. of Maryland v. West Point Constr. Co.*, 178 Ga. App. 578, 579 (1) (344 SE2d 268) (1986). In this case, there is evidence that Sheppard made his promise to monitor Gay Wood Company's timber cutting and to "stand good for" its proper performance in order to induce the Ambroses to buy the land. The Supreme Court of Georgia has held that "[a]ny benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom [a promise] is made, is sufficient consideration" to support enforcement of a promise under the doctrine of promissory estoppel. (Citations, punctuation and footnote omitted.) *Pepsi Cola Bottling Co. v. First Nat. Bank &c.*, 248 Ga. 114, 116 (2) (281 SE2d 579) (1981). The benefit accruing to Sheppard by making the promise was being able to close the sale to the Ambroses. See id.; see also *Fidelity &c. Co. of Maryland*, 178 Ga. App. at 579-581 (1). Further,

> [p]romissory estoppel requires only that the reliance by the injured party be *reasonable*. . . . [It] does not require that the injured party exhaust all other possible means of obtaining the benefit of the promise from any and all sources before being able to enforce the promise against the promisor.

(Footnote omitted; emphasis in original.) *Wright v. Newman*, 266 Ga. 519, 522 (467 SE2d 533) (1996) (Sears, J., concurring). A jury could conclude that the Ambroses were reasonable under the circumstances in relying on Sheppard to monitor the timber harvest. Questions of reasonable reliance are usually for the jury to resolve. *Folks, Inc. v. Dobbs*, 181 Ga. App. 311, 314 (2) (352 SE2d 212) (1986). Because jury issues remain on the Ambroses' promissory estoppel claim, the grant of summary judgment to Sheppard on that claim must be reversed.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 2000.

838

*W. Franklin Freeman, Jr.*, for appellants.
*Lane & Jarriel, Walter J. Lane, Jr.*, for appellee.