A03A1293. RENTAL EQUIPMENT GROUP, LLC et al. v. MACI, LLC et al.
(587 SE2d 364)

ELDRIDGE, Judge.

The Rental Equipment Group, LLC appeals from the judgment against it and the denial of its alternative motion for a new trial or judgment notwithstanding the verdict; Rent All Services, Inc., George Johnson, and Daniel J. Dorman, defendants, appeal from the denial of their motion for the award of attorney fees under OCGA § 9-15-14 against MACI, LLC d/b/a MACI Rents-Columbus and MACI Rents-Dublin, McCormick Anderson & Company d/b/a MACI Rents-Albany, C.D.G. Real Estate Investments, Inc. d/b/a Gay Equipment Company, Carlus D. Gay, Jr., Tracy Gay, and Joe McCormick, plaintiffs. Finding no error or abuse of discretion, we affirm.

MACI, LLC d/b/a MACI Rents-Columbus and MACI Rents-Dublin, McCormick Anderson & Company d/b/a MACI Rents-Albany, C.D.G. Real Estate Investments, Inc. d/b/a Gay Equipment Company, Carlus D. Gay, Jr., Tracy Gay, and Joe McCormick sued the Rental Equipment Group, LLC, Rent All Services, Inc., George Johnson, and Daniel J. Dorman for breach of contract, fraud, and promissory estoppel for failure to purchase common stock and related corporate assets of the plaintiffs. On motion for summary judgment by Johnson and Dorman, the trial court granted partial summary judgment on the counts of breach of contract and of promissory estoppel but denied the motions as to the fraud count against them. A jury trial was held, and the jury found for Johnson, Dorman, Rent All Services, and the Rental Equipment Group on the fraud claim, which was not appealed. Joe McCormick was dismissed with prejudice prior to the verdict. The jury verdict for promissory estoppel and/or breach of contract claims was $3,678,000 for Carlus D. Gay, Jr., Tracy Gay, and McCormick Anderson & Company and Celeste McCormick against the Rental Equipment Group. On January 22, 2002, judgment against the Rental Equipment Group was entered for Carlus Gay in the amount of $2,000,000, for Tracy Gay in the amount of $1,000,000, and for McCormick Anderson & Company in the amount of $678,000. The Rental Equipment Group moved for j.n.o.v.; the trial court

granted the motion as to McCormick Anderson & Company and denied the motion as to Carlus and Tracy Gay.

The individual plaintiffs owned and operated equipment rental corporations in Americus, Columbus, and Dublin, Georgia. In 1999, United Rentals, Inc., a large nationwide equipment rental company, negotiated to buy the MACI Rents stores from the plaintiffs. During such negotiation in August 1999, the Rental Equipment Group, through the individual defendants, sought to buy the MACI Rents stores. On September 24, 1999, plaintiffs agreed with the Rental Equipment Group to sell the assets of MACI Rents. The terms were set forth in a four-page agreement prepared by the Rental Equipment Group, which the parties executed and which had a closing date of December 20, 1999.

The Rental Equipment Group's board of directors approved the purchase and its due diligence of MACI's books and records was timely performed. The agreement contained no contingency concerning the ability of the Rental Equipment Group to obtain funding to purchase the stock or assets. The Rental Equipment Group acted as if there was a binding agreement by performing inventory of assets and environmental audits at all locations; examining all books, records, and statements; meeting with MACI's employees to explain its benefit plans and to assure continuity of employment; promising to send $1,500,000 worth of rental equipment; sending $250,000 worth of equipment; and changing all MACI's inventory numbering to match the Rental Equipment Group's computer numbering. The Rental Equipment Group, through its officers and agents, made numerous representations to the plaintiffs and their bankers that the closing would take place even though the closing date had to be reset twice.

In reliance upon the agreement, plaintiffs acted to their detriment by rebuffing United Rentals' repeated offers to purchase; by selling off needed equipment that the Rental Equipment Group did not want to buy; by not moving the Dublin store from an unprofitable location; and by delaying the installation of a newly purchased computer system, which was not compatible with the Rental Equipment Group's computer system. Plaintiffs delayed obtaining long-term financing and had a resulting cash flow problem after the sale did not go through, because they had to rely upon short-term financing. Other short-term business decisions were made in the expectation of closing.

Finally, in September 2000, the Rental Equipment Group informed the plaintiffs that it could not go through with the purchase agreement because it could not obtain financing. The Rental Equipment Group always represented that it was financially capable of

purchasing the assets and never revealed that it had any financial problems that would prevent the purchase.

As a consequence of the delayed sale, the value of the MACI stores and Gay Equipment's assets substantially decreased. The loss was between $3,500,000 and $5,000,000.

1. The Rental Equipment Group contends that the trial court erred in failing to grant its motion for directed verdict or j.n.o.v. on the issues of promissory estoppel, breach of contract, and damages. We do not agree.

(a) "There is a presumption in favor of the validity of verdicts." (Citations omitted.) *Pepsi Cola Bottling Co. of Dothan, Alabama v. First Nat. Bank of Columbus*, 248 Ga. 114, 115 (1) (281 SE2d 579) (1981). Therefore, after the rendition of a verdict, every presumption, inference, and all evidence must be construed most favorably toward upholding the verdict. Id. Neither a directed verdict nor a j.n.o.v. can be granted where there is some evidence to support the verdict. Where evidence is in conflict, the grant of such motions is error. Only when there is no evidence to support the verdict can either a directed verdict or j.n.o.v. be granted, because the evidence demands a verdict contrary to that returned by the jury. *Sun-Pacific Enterprises v. Girardot*, 251 Ga. App. 101, 106 (553 SE2d 638) (2001); accord *Mark Six Realty Assoc. v. Drake*, 219 Ga. App. 57, 58 (1) (463 SE2d 917) (1995).

(b) The essential elements of promissory estoppel are: (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right. *Pabian Outdoor-Aiken v. Dockery*, 253 Ga. App. 729, 730-731 (560 SE2d 280) (2002).

The promise to purchase was to be performed within a reasonable time based upon clear and unambiguous terms, and the closing date was set for a day certain in the immediate future. All actions necessary for the sale, except the actual closing, occurred prior to the first closing date, i.e., audits, examination of financial records, change in inventory code, and delivery of additional inventory worth $250,000. All the basic terms of the promise were clear and certain so as to be enforceable. *DPLM, Ltd. v. J. H. Harvey Co.*, 241 Ga. App. 219, 221-222 (1) (526 SE2d 409) (1999). In contrast, *Mooney v. Mooney*, 245 Ga. App. 780, 782-783 (538 SE2d 864) (2000), and *Voyles v. Sasser*, 221 Ga. App. 305, 306 (2) (472 SE2d 80) (1996), are distinguished on the law and facts from this case, because those cases dealt with future promised conduct of vague, indefinite, and uncertain

duration with an indefinite financial obligation and ambiguous duties, which were unstated. In contrast in this case, the Rental Equipment Group had a duty to buy and the plaintiffs had a duty to sell within the closing date or a reasonable time thereafter.

"Promissory estoppel is an equitable doctrine designed to prevent the intricacies and details of the law from frustrating the ends of justice." (Punctuation and footnote omitted.) *Sun-Pacific Enterprises v. Girardot*, supra at 106. Clearly, under the facts of this case, promissory estoppel applied. All of the conditions of the promise to purchase had been satisfied prior to the initial closing date; therefore, the promise to purchase was unconditional. See *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 198-199 (2) (450 SE2d 427) (1994). As an insurance case under insurance law, *Protective Life Ins. Co. v. Robinson*, 193 Ga. App. 316, 317-318 (1) (387 SE2d 603) (1989), has no application either factually or legally to this case.

Reasonable reliance by the plaintiffs to their detriment is an essential element, and the evidence supports such detriment with the rejection of another bona fide offer to purchase, change in value, sale of inventory later needed, failure to obtain permanent financing, failure to change business locations, nonuse of a new computer system, and other harm shown by the evidence. *Pabian Outdoor-Aiken v. Dockery*, supra at 731-732. "[P]romissory estoppel requires only that the reliance . . . be reasonable. . . . It does not require that the injured party exhaust all other possible means of obtaining the benefit of the promise from any and all sources before being able to enforce the promise against the promisor." (Citation, punctuation and emphasis omitted.) *Ambrose v. Sheppard*, 241 Ga. App. 835, 837 (528 SE2d 282) (2000). The jury found that the conduct of the Rental Equipment Group led the plaintiffs to reasonably rely, and the issue of the reasonableness of reliance was peculiarly a jury question. See *Pabian Outdoor-Aiken v. Dockery*, supra; *Ambrose v. Sheppard*, supra.

(c) Here, all the parties agreed to the essential terms of the contract and all contingencies to the agreement were satisfied; therefore, there was an enforceable contract. OCGA §§ 13-3-1; 13-3-2; *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 540-541 (2) (466 SE2d 27) (1995). The real intent of the parties and not the characterization of the agreement as a "letter of intent" govern. Id. at 540-542. "It is unnecessary that a contract state definitely and specifically all facts in detail to which the parties may be agreeing, but as to such matters, it will be sufficiently definite and certain if it contains matters which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves." (Citation and punctuation omitted.) Id. at 542.

(d) As owners of the stock of the companies and as operating officers, the plaintiffs testified about their work experience and knowledge of the tool rental business; the revenue, expenses, and profits over many years; and the other offers to purchase the businesses. In addition, they gave their opinions as to the fair market value of the assets of an ongoing business. OCGA §§ 13-6-2; 24-9-66; *Kemira, Inc. v. Williams Investigative &c. Svcs.*, supra at 196-197. Carlus Gay was competent as an owner to testify as to fair market value, and the jury could infer from his opinion that it was based upon the financial records put into evidence and give such opinion whatever weight they deemed appropriate because, when an owner has had the opportunity for forming a correct opinion of the property's fair market value, the owner may express an opinion for the jury's consideration. OCGA § 24-9-66; *Iffland v. Lancaster*, 176 Ga. App. 449, 450-451 (3) (336 SE2d 350) (1985). Further, the plaintiffs had expert testimony that the fair market value was five times EBITDA based upon earnings, income statements, balance sheets, equipment lists, consolidated asset and liability statements, financial statements, and tax returns. See generally *McDevitt & Street Co. v. K-C Air Conditioning Svc.*, 203 Ga. App. 640, 644 (3) (418 SE2d 87) (1992); *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 551 (8) (284 SE2d 282) (1981); *Levy, Brother & Co. v. Allen*, 53 Ga. App. 246, 247 (185 SE 369) (1936).

Contract damages consist of those damages that arise naturally and according to the usual course of things from a breach of contract and which occur as the probable result of the breach. OCGA § 13-6-2. Damages recoverable under promissory estoppel are those damages as are equitable and necessary to prevent injustice from occurring. See *Kamat v. Allatoona Fed. Sav. Bank*, 231 Ga. App. 259, 263 (3) (498 SE2d 152) (1998); *Christensen v. Intelligent Systems Master Limited Partnership*, 197 Ga. App. 778, 779 (2) (399 SE2d 495) (1990). The jury returned awards of damages within the range of the damages shown by the evidence.

2. The Rental Equipment Group contends that the trial court erred in failing to resubmit the ambiguous verdict to the jury for clarification and in entering judgment on such verdict. We do not agree.

After the return of the verdict, defense counsel stated the objection: "[a]ll right. The verdict does not delineate the award among the various corporations and individuals and we cannot determine from the verdict how that should be divided."

Before you let them [(the jury)] go, may I just — I know what the Court's position is on this, you said it but let me make sure, that we say it in front of the jury. Because of the ambiguities in the verdict — which we have noted on the

*bench and briefly here. We would ask that the jury be asked to clarify. We understand that you don't want to do that but so that the verdict would be clear and would stand.*

On appeal for the first time, the Rental Equipment Group raises issues not raised before the trial court regarding the verdict: "[i]t is based on the incorrect legal theory that the letter of intent plus action creates a binding contract"; "[i]t awards damages to three combinations of persons and entities, some of whom are parties in this case and others who are not"; "[i]t does not award damages against any defendant or specify either or both of the two corporate defendants against whom all or part of the awards should be [assessed]"; and "[t]here is no logical or systematic way to discern the jury's intentions." None of these issues were raised, ruled upon, or preserved at trial, because now, for the first time, such issues are raised on appeal. "Issues raised for the first time on appeal will not be considered by this court." (Citations omitted.) *Vick v. State*, 194 Ga. App. 616, 617 (1) (391 SE2d 455) (1990). Not only must the objection be timely raised in the trial court, but the trial judge must rule upon the same issue as raised upon appeal to preserve the issue for our consideration. *Pilzer v. Virginia Ins. Reciprocal*, 260 Ga. App. 736, 738 (1) (580 SE2d 599) (2003); *Focus Entertainment Intl. v. Bailey*, 256 Ga. App. 283, 284 (568 SE2d 183) (2002).

The grant of the j.n.o.v. as to McCormick Anderson & Company and Celeste McCormick eliminated that portion of the verdict involving a nonparty which had been objected to at trial.

Judgments must conform to the verdict. *City of Columbus v. Barngrover*, 250 Ga. App. 589, 595 (3) (552 SE2d 536) (2001). "The court may construe a verdict, which is not explicit in its terms, in the light of the pleadings, the issues made by the evidence, and the charge." (Citation and punctuation omitted.) *Brown v. Techdata Corp.*, 238 Ga. 622, 629-630 (234 SE2d 787) (1977). The trial court may mold the verdict " 'so as to do full justice to the parties' " and " 'so as to meet the exigencies.' " *City of Columbus v. Barngrover*, supra at 595 (3) (a). The trial court may amend a verdict in matters of form or to put the verdict in such form that it speaks the true intent of the jury in accordance with the pleadings and evidence. OCGA §§ 9-12-5; 9-12-6; 9-12-7; *Purcell v. C. Goldstein & Sons, Inc.*, 264 Ga. 443, 444-445 (2) (448 SE2d 174) (1994). The trial court did nothing more than what was authorized and what was reflected by the evidence in this case.

3. The Rental Equipment Group contends that the trial court erred in allowing the jury to see and hear an edited video deposition of George Johnson over objection. We do not agree, because the

Rental Equipment Group made a general objection to presenting less than all of the deposition and allowing only part of the deposition without immediately identifying the relevant portions that it contended should also be presented and stating why such omitted portions were relevant.

The Rental Equipment Group made a general objection to the use of only portions or parts of the defendant George Johnson's discovery deposition during the plaintiffs' case and ultimately set forth the additional objection that relevant portions of the deposition were omitted from the parts of the deposition presented. It is contended that there were relevant portions of the deposition omitted, which were part of the answers shown to the jury; however, at the time of making the objection, the Rental Equipment Group was unable to identify such omitted portions or explain why such portions were in fact relevant. It contended that it would have to make its own edited video deposition, because it did not want to introduce the rest of the video deposition. The trial court ruled that the Rental Equipment Group in its case-in-chief could present those omitted portions.

In this enumeration of error, the Rental Equipment Group alleges reversible error for the trial court's ruling allowing the introduction of portions of the video deposition and for not requiring unidentified portions omitted and alleged to be relevant to be presented instanter with the portions presented.

(a) The first issue deals with whether the use of only a portion of a deposition is permitted under OCGA § 9-11-32 (a). The Civil Practice Act under OCGA § 9-11-32 provides:

(a) . . . At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition . . . in accordance with any of the following provisions: . . .

(2) The deposition of a party or of anyone who, at the time of taking the deposition, was an officer, director, or managing agent or a person designated under paragraph (6) of subsection (b) of Code Section 9-11-30 or subsection (a) of Code Section 9-11-31 to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose; . . .

(4) The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial. The use of the deposition shall

not be a ground for excluding the witness from testifying orally in open court; or

(5) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts. . . .

(b) . . . Subject to paragraph (3) of subsection (d) of this Code section, objection may be made at the trial . . . to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

(c) . . . A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition; but this shall not apply to the use by an adverse party of a deposition under paragraph (2) of subsection (a) of this Code section. At the trial . . . any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party.

Clearly, Johnson comes under OCGA § 9-11-32 (a) (2), both as an adverse party and as an officer of a defendant, so that a portion of the deposition can be used at trial. Likewise, the trial court had the discretion to allow the plaintiffs to use part of the deposition. The trial court did not err in permitting a portion of the adverse party's deposition to be presented or in allowing the Rental Equipment Group to present those portions of the deposition it deemed relevant during its case-in-chief. The Rental Equipment Group was incapable at the time it objected of either identifying with particularity what it contended were relevant omitted portions of the deposition or of making such portions available to the court and jury until its case was presented.

(b) The primary thrust of the Rental Equipment Group's enumeration of error comes from its demand under OCGA § 9-11-32 (a) (5) that relevant portions of the deposition presented be given by the plaintiffs immediately. However, the Rental Equipment Group was incapable of identifying such omitted portions of the video deposition or explaining how such omitted portions were relevant at the time the blanket general objection was made so that the trial court could rule on the relevancy and have the relevant portions also presented instanter.

To preserve evidentiary issues for appeal, the appellant shall object to the admission of the evidence on the specific grounds raised

on appeal and cannot assert on appeal new or different grounds. *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 904 (4) (517 SE2d 365) (1999). "Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable." (Citation and punctuation omitted.) *Myers v. Myers*, 195 Ga. App. 529, 530 (3) (394 SE2d 374) (1990).

In an addendum to the brief in support of its motion for j.n.o.v. before the trial court, the Rental Equipment Group attached some 12 pages of index and the deposition portions given and omitted, which seeks to preserve an objection not timely or properly made during trial. Matters, which were not before the trial court as part of the record when the court ruled, cannot be made part of the record by attachment either to a brief or motion. *Hyre v. Denise*, 214 Ga. App. 552, 553 (1) (449 SE2d 120) (1994). Matters of record, which were not before the trial court when it ruled, cannot be considered on appeal. *Sheffield v. Darby*, 244 Ga. App. 437 (1) (535 SE2d 776) (2000); *Crotty v. Crotty*, 219 Ga. App. 408, 410 (2) (465 SE2d 517) (1995); *Crider v. Scoma*, 142 Ga. App. 413, 414 (2) (236 SE2d 150) (1977). Thus, although such material came into the record by attachment to the brief in support of the motion for j.n.o.v., such material was not before the trial court as part of the record and considered when the trial court ruled.

In its statement of facts in its appeal brief, the Rental Equipment Group states: "[t]he video tends to show that REG knew that it could not obtain funds to close because of its poor financial condition. Only partial answers were included to two questions and answers that were shown, and the video omits extensive testimony, which explains the answers that were shown and provides additional information regarding REG's financial condition and ability to close." This argument neither cites to the record page as to omissions nor explains how such omitted material was relevant to the portions presented to the jury by the plaintiffs. Under Court of Appeals Rule 27 (c) (3), such issues are deemed waived. Further, any error in not allowing the instanter presentation of the relevant omitted portions of the deposition was harmless error, because the Rental Equipment Group introduced such omitted portions during its case-in-chief after it located and edited such omissions from the rest of the deposition. See *Bryant v. Food Giant*, 184 Ga. App. 155, 156 (2) (361 SE2d 38) (1987).

4. The Rental Equipment Group contends that the trial court erred in charging the jury on waiver. We do not agree.

The evidence of statements and inferences before the jury raised the issue of waiver of terms and conditions, which the Rental Equipment Group contended were conditions precedent, because such

statements and acts of the Rental Equipment Group could be found to be a waiver. Thus, with disputed facts, the jury charge on waiver was proper. See *TST, Ltd. v. Houston*, 256 Ga. 679, 680 (1) (353 SE2d 26) (1987); *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256-257 (3) (381 SE2d 322) (1989).

5. George Johnson and Daniel J. Dorman contend that the trial court abused its discretion in denying them OCGA § 9-15-14 attorney fees and trial expenses. We do not agree.

(a) Johnson and Dorman assert a claim for expenses under OCGA § 9-15-14. They had summary judgment granted to them on the breach of contract and promissory estoppel claims but denied as to the fraud claim. The trial court denied a directed verdict as to the fraud claim, and the jury returned a verdict on the fraud claim in favor of all the defendants.

An award of attorney fees under OCGA § 9-15-14 (a) is appropriate when a party asserts a claim, defense, or other position "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Id. "Inherent in a ruling of the trial court denying attorney fees under OCGA § 9-15-14 (a) is a determination that there does *not* exist such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." (Emphasis in original.) *Hyre v. Denise*, supra at 556 (10) (b). As in this case, where the trial court denies summary adjudication and where the claim had some factual merit or presented a justiciable issue of law, the denial of an award must be affirmed on any evidence. Id. at 556; see also *Kinard v. Worldcom, Inc.*, 244 Ga. App. 614, 616 (536 SE2d 536) (2000).

(b) Johnson and Dorman also sought the award of attorney fees and expenses under OCGA § 9-15-14 (b). They base their claim on what they assert was the nonbinding and unenforceable letter of intent. The jury determined that the letter of intent was or became a binding contract and subject to promissory estoppel through the acts and statements of the Rental Equipment Group or its officers and agents, Johnson and Dorman. Thus, finding the Rental Equipment Group liable for their acts, Johnson and Dorman escaped liability for fraud.

To recover attorney fees the claim must have been "brought or defended an action, or any part thereof, that lacked substantial justification." OCGA § 9-15-14 (b). "Lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. OCGA § 9-15-14 (b). Since the award of attorney fees is entirely within the discretion of the trial court after considering all the facts and law, the standard of review is an abuse of discretion.

*Cagle v. Davis*, 236 Ga. App. 657, 659 (2) (513 SE2d 16) (1999); see also *Kinard v. Worldcom, Inc.*, supra at 616. There was some evidence from which the jury was entitled to find fraud but did not. Therefore, the trial court did not abuse its discretion.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 21, 2003 —
RECONSIDERATION DENIED SEPTEMBER 11, 2003 — 

*Richard A. Childs*, for appellants.
*Charles A. Gower, John P. Cannon*, for appellees.