A03A1774. EVERTS v. CENTURY SUPPLY CORPORATION.
(590 SE2d 199)

PHIPPS, Judge.

Century Supply Corporation, d/b/a Century Rain Aid, filed a complaint against Clearwater Irrigation, Inc. and James Everts seeking recovery of the principal sum of $119,654.81. Century sued Clearwater on open account; Everts was sued as guarantor of Clearwater's account debt. The basic question is whether Century is barred from enforcing Everts' guaranty as a matter of waiver or estoppel. Answering this question in the negative, the trial court awarded summary judgment to Century. Everts appeals. Finding material issues of fact on Everts' waiver and estoppel defenses, we reverse.

It is undisputed that in May 1993, Everts and Karl Interrante

incorporated Clearwater to conduct an irrigation installation and service business; that Interrante and Everts were officers, directors, shareholders, and employees of the company; that in July 1993, Interrante and Everts established an account with Century so that Clearwater could purchase business supplies; that as a condition of Century's extension of credit to Clearwater, Everts and Interrante were required to execute a personal guaranty of the debts of their closely held corporation; that the guaranty was, however, signed only by Everts; and that the form signed by Everts described the guaranty as "continuing and irrevocable."

Everts testified by affidavit that in November 1996 Interrante wrongfully terminated his employment with Clearwater and removed him as an officer, director, and shareholder; that, at that time, he contacted Century and other suppliers of Clearwater and advised them of Interrante's actions; and that various representatives of Century at its Norcross store, including the store manager, Allison Wright, thereafter verbally assured him that he had been removed from the Clearwater account and would not be liable for future purchases made on the account. Everts subsequently sued Interrante for wrongful termination from Clearwater. That lawsuit was settled in 1999. Everts testified that based upon the assurances of the Clearwater representatives, he did not require Clearwater to close its account with Century.

Century filed this action against Everts and Clearwater in May 2001 for purchases made by Clearwater from September 1999 through January 2001. After obtaining a default judgment against Clearwater, Century filed a motion for summary judgment against Everts. The motion for summary judgment was supported by an affidavit in which the manager of Century's Norcross store testified that her name is Alicia Wright; that she has never been known as Allison Wright; and that neither she nor any of Century's other representatives at the Norcross location released Everts from his personal guaranty.

Everts argues that through its representatives, Century orally released him from the guaranty and is therefore barred from enforcing the guaranty under the doctrines of waiver and estoppel. Century argues that Everts has failed to identify any Century representatives who released him from the guaranty and that, in any event, the guaranty could not be rendered unenforceable as a matter of either waiver or estoppel because, by its own terms, the guaranty was irrevocable.[1] We disagree with Century's arguments and reverse.

---

[1] The Statute of Frauds could have been raised as a defense to Everts' claim that he has been orally released from the guaranty. The applicability of the Statute of Frauds is, however, arguable. See *Donald H. Gordon Co. v. Carswell*, 184 Ga. App. 701, 704 (1) (362 SE2d

An oral agreement to release a debt may be enforceable if supported by consideration.[2] "[D]etrimental reliance supplies consideration as a matter of waiver and estoppel."[3] "[P]arties may waive contractual obligations through their conduct. [Cit.]"[4] "Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived or any claim based thereon. [Cit.] . . . [A] showing of prejudice to the other party appears to be the central requirement of waiver implied from conduct. [Cit.]"[5]

> Under Georgia law, promissory estoppel is a doctrine wherein consideration is supplied by the reliance of the promisee on the promise of another. Under the Georgia action for promissory estoppel, the essential elements are that: (1) the defendant made a certain promise or promises; (2) the defendant should have reasonably expected the plaintiff to rely on such promise or promises; (3) plaintiff did, in fact, rely on such promise or promises to his detriment; and (4) an injustice can be avoided only by the enforcement of the promise, because the plaintiff surrendered, forgoes, or rendered a valuable right.[6]

Everts has testified that Century's Norcross store manager Allison Wright, and various other unidentified representatives of Century, orally released him from the guaranty. Although an alleged statement by an unidentified witness is hearsay and inadmissible on motion for summary judgment,[7] a jury could find the Norcross store manager to be an identified witness even though it appears that her name is Alicia Wright rather than Allison Wright. Everts has further testified that he relied on the store manager's oral release to his detriment by not requiring Clearwater to close its account with Century in his suit against Interrante. This evidence creates material issues of fact on the waiver and estoppel issues as to at least some of the

---

483) (1987). Moreover, Century did not plead this defense at the trial level; nor has it raised this issue on appeal. Therefore, the issue has been waived. See *Brantley Co. v. Simmons*, 196 Ga. App. 233, 234 (395 SE2d 656) (1990).

[2] See *NationsBank v. Tucker*, 231 Ga. App. 622, 626 (4) (500 SE2d 378) (1998).

[3] *Simpson Consulting v. Barclays Bank*, 227 Ga. App. 648, 657 (5) (490 SE2d 184) (1997) (physical precedent only).

[4] *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 5 (2) (542 SE2d 121) (2000); see also *Day v. Fantastic Fitness*, 190 Ga. App. 46 (2) (378 SE2d 166) (1989) (parties may by mutual consent abandon a contract so as to make it thereafter nonbinding).

[5] (Emphasis omitted.) *Hyre v. Denise*, 214 Ga. App. 552, 554 (3) (449 SE2d 120) (1994).

[6] (Footnotes omitted.) *Pabian Outdoor-Aiken, Inc. v. Dockery*, 253 Ga. App. 729, 730-731 (560 SE2d 280) (2002); compare OCGA § 10-7-24 (giving guarantor a mechanism to avoid liability on debt by giving creditor notice in writing to proceed to collect debt from principal debtor after debt becomes due).

[7] *Wallace v. State Farm Fire &c. Co.*, 247 Ga. App. 95, 97 (539 SE2d 509) (2000).

monies claimed due.[8] Although the guaranty form describes the guaranty as "irrevocable," all parties to the instrument could terminate it regardless of the irrevocability language.[9]

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2003.

*James B. Johnson, Jr.*, for appellant.

*Edward F. Danowitz, J. Michael Kaplan, Charles M. Gisler*, for appellee.

---

[8] See *Hyre v. Denise*, supra; compare *Atlanta Nat. Real Estate Trust v. Tally*, 243 Ga. 247 (253 SE2d 692) (1979).

[9] Cf. *Cooper v. Trust Co. Bank*, 257 Ga. 272 (1) (357 SE2d 582) (1987), and cits.