[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2005
THOMAS K. KAHN
CLERK

No. 04-15444
Non-Argument Calendar

_____

D. C. Docket No. 01-00160-CV-WLS-1

RICHARD WHEELER III,

Plaintiff-Counter-
Defendant-Appellant,

versus

CAGLE FOODS JV, LLC
d.b.a. CAGLE-KEYSTONE FOODS, LLC,

Defendants-Counter
Claimants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 8, 2005)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Richard Wheeler, a poultry farmer, appeals the summary judgment entered for Cagle Foods JV, LLC, and argues that genuine issues of material fact remain regarding each of his six claims. Wheeler's appeal is virtually identical to an appeal filed by another poultry farmer that this Court resolved recently. See Glass v. Cagle's Inc. et al., No. 04-15431 (11th Cir. April 5, 2005) (unpublished). The claims against Cagle Foods are identical, as are the lawyers and the district judge. Our resolution of this appeal is also the same: we affirm.

Wheeler alleged the following six claims against Cagle Foods: (1) violation of the Packers and Stockyard Act (PSA); (2) fraud; (3) violation of Georgia RICO; (4) fraud in the inducement and promissory estoppel; (5) violations of the Agricultural Fair Practices Act (AFPA); and (6) breach of contract. After careful scrutiny of the extensive record, the district court entered summary judgment for Cagle Foods on each claim. We review each claim de novo. See Evanston Ins. Co. v. Stonewall Surplus Lines Ins. Co.,111 F.3d 852, 858 (11th Cir. 1997).

Wheeler's PSA claim fails. The PSA prohibits "unfair, unjustly discriminatory, or deceptive practices or devices," or "any undue or unreasonable performance or advantage." 7 U.S.C. §§ 192(a) and (b). Although Wheeler argues that Cagle Foods violated the PSA by providing him with inferior birds and

2

feed and improperly weighing birds, Wheeler presented no admissible evidence to support these arguments. As to his complaint of inferior birds, Wheeler has received numerous bird deliveries beginning in 1994 and he never noted the alleged deficiencies on the delivery reports or kept any separate record of these deficiencies. Moreover, we agree with the district court that Cagle Foods produced "unrefuted evidence that it is virtually impossible for Cagle [Foods] to target specific farms for delivery of inferior birds." As to his complaint of insufficient and inferior feed, Wheeler did not identify one instance where he was charged for feed he did not receive, and he admitted that he consistently checked his feed inventory to verify feed deliveries. As to his complaint about improper weighing of birds, we agree with the district court that a reasonable reading of the evidence attributes any improper weighing to "sporadic failures of drivers to follow the rules or problems causing the plant to shut down temporarily," none of which violated the PSA. Moreover, the deposition testimony on which Wheeler relies shows that other weighing discrepancies ended several years before Wheeler became a grower.

Wheeler also erroneously argues that the offer by Cagle Foods of a raise in exchange for signing an arbitration contract violates the PSA. As explained by the district court, the arbitration contracts did not violate the PSA because the

contracts were offered to all growers. The district court properly granted summary judgment on Wheeler's PSA claim.

Wheeler's fraud and Georgia RICO claims fail for the same reasons his PSA claim fails: he did not present any admissible evidence that Cagle Foods engaged in the conduct alleged. Moreover, as to his fraud and RICO claims, Wheeler did not present any evidence that he suffered any damages. The district court properly granted summary judgment on Wheeler's fraud and Georgia RICO claims.

Wheeler's fraud in the inducement claim also fails because he did not establish the elements of the cause of action. Wheeler erroneously argues that Cagle Foods "induced him to purchase an unsuccessful farm and to borrow hundreds of thousands of dollars by providing net income information that it knew to be false and inaccurate." Wheeler's argument is belied by the merger clause in every agreement between Cagle Foods and Wheeler. Moreover, the record shows that Wheeler independently researched the projections and found them to be reasonable and accurate. The district court correctly entered summary judgment against Wheeler's claim of fraud in the inducement.

Wheeler's promissory estoppel claim fails as a matter of law because that equitable doctrine is unavailable when there is a written contract between the

4

parties covering the disputed promises. See, e.g., Christensen v. Intelligent Sys. Master Ltd. P'ship, 399 S.E.2d 495, 496 (Ga. App. 1990); Bank of Dade v. Reeves, 354 S.E.2d 131, 133 (Ga. 1987). "Promissory estoppel is not a legal doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract." General Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1042 (6th Cir. 1990). The district court properly granted summary judgment on Wheeler's promissory estoppel claim.

Wheeler's AFPA claim fails because Wheeler presented no evidence that Cagle Foods or its agents interfered with his attempt to organize and participate in a grower or poultry association or discriminated against him for such participation. Wheeler testified that he was not harassed by Cagle Foods or its agents for participating in the association. Wheeler also did not present any evidence of retaliation. The district court properly granted summary judgment on Wheeler's AFPA claim.

Finally, Wheeler's breach of contract claim fails because the undisputed evidence shows that Cagle Foods did not breach the grower contracts with Wheeler, and Cagle Foods met all of its contractual obligations. In fact, Cagle Foods increased Wheeler's payment per pound, and Wheeler earned near the

projected amount, or more, during the life of the contract.  The district court properly granted summary judgment on Wheeler's breach of contract claim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.