[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

No. 07-14935
Non-Argument Calendar

_____

D. C. Docket No. 05-01351-CV-CAP-1

HARTFORD FIRE INSURANCE COMPANY,

Plaintiff-Appellant,

versus

JASON TODD SCHNEIDER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 6, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Hartford Fire Insurance Company ("Hartford") appeals the district court's

entry of summary judgment in favor of Jason Todd Schneider. For the reasons set forth below, we affirm.

## I. BACKGROUND

Morgan Layne Dize, a minor child, was severely injured in an automobile accident. Schneider served as co-counsel for Morgan in the personal injury litigation that arose from that accident. A multimillion dollar settlement resulted from the litigation. Morgan's father, Andrew Dize ("Dize"), was appointed guardian of Morgan's estate on the condition that he furnish a bond securing the faithful performance of his duties as a guardian under Georgia law. To that end, Dize contacted Burley Roberts, an independent insurance agent, who in turn contacted several brokerage houses that he knew could issue probate surety bonds. One of the agencies that Roberts contacted was Universal Services Agency ("Universal"), which brokered products from several companies, including Hartford. Roberts also contacted Schneider and asked him to assist Dize in making the required filings with the probate court. Schneider sent Roberts a fax indicating his willingness to do so. Finally, Roberts contacted an accountant to obtain written confirmation that Dize would have assistance with investments.

Roberts provided the fax from Schneider and a letter from the accountant to a broker for Universal. The Universal broker then provided the fax and letter to

underwriters at companies to which she was shopping the bond, including

Hartford. Hartford then contacted Universal and indicated that it would provide

the bond under a few conditions. After Hartford issued the bond, Dize filed the

bond with the probate court and was appointed guardian for Morgan's estate.

Soon thereafter, Dize misappropriated millions of dollars from the estate. In

February 2004, Morgan's estate, the guardian of which was no longer Dize,

entered into a settlement agreement with Hartford under which Hartford paid the

estate $6 million, which was less than the full amount of the misappropriated

funds. The agreement provided as follows:

> The Estate of Morgan Layne Dize shall transfer and assign to Hartford
> Fire Insurance Company and Hartford Fire Insurance Company shall
> be subrogated to all of the Estate's rights, titles, claims, causes of
> action, chooses in action or other interests with respect to Andrew
> Dize, Sabrina Dize and any other person or entity who received either
> directly or indirectly any of the funds or property belonging to the
> Estate of Morgan Layne Dize without express Probate Court Approval
> (this transfer shall include authority to prosecute any such action in
> the name of the Estate).

Hartford then sued Schneider for negligent misrepresentation, breach of

contract, and fraud on its own behalf, and for breach of fiduciary duty and

professional negligence, on behalf of Morgan's estate. The district court entered

summary judgment in Schneider's favor, and Hartford appealed.

## II. STANDARD OF REVIEW

3

We review de novo a district court's grant of summary judgment. *Welding Servs. Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007).

## III. DISCUSSION

### A. Claims Brought on Behalf of the Estate

The district court found that Hartford lacked standing to sue Schneider on behalf of Morgan's estate because it limited its subrogation rights in its settlement agreement with the estate. We agree.

In Georgia, "[a] surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor . . . ." O.G.C.A. § 10-7-56. As the district court recognized, however, subrogation rights may be waived by an insurer as consideration to support a settlement agreement. *See Rabun & Assocs. Constr., Inc. v. Berry*, 623 S.E.2d 691, 695–96 (Ga. Ct. App. 2005). Hartford expressly limited its subrogation rights in the settlement agreement to Dize, Sabrina Dize, and "any other person or entity who received either directly or indirectly any of the funds or property belonging to the Estate . . . ." It is undisputed that Schneider did not receive any of the misappropriated funds. Thus, because Hartford's subrogation rights do not reach Schneider, Hartford does not have standing to sue Schneider.

Hartford argues that *Rabun & Assocs.* should not apply here because it

4

involved an express waiver of subrogation rights. We disagree, however, because an express limitation of subrogation rights is the functional equivalent of an express waiver of those rights with respect to anyone who falls outside of the limitation. Accordingly, we affirm as to the breach of fiduciary duty and professional negligence claims brought on behalf of Morgan's estate.

B. Claims Brought on Hartford's Behalf

On its own behalf, Hartford claims that (1) Schneider provided a false statement (the fax to Roberts); (2) Hartford relied on the statement in its decision to issue the bond; and (3) the issuance of the bond allowed Schneider to receive his contingency fee relating to the personal injury action. Based on those allegations, Hartford argues that it should prevail on the following substantive theories: negligent misrepresentation, professional negligence, breach of contract and promissory estoppel. Hartford's arguments, however, are meritless.

*1. Negligent Misrepresentation and Professional Negligence*

We agree with the district court that Hartford has offered no evidence to establish that Schneider's alleged negligence was the proximate cause of Hartford's damages. There is no evidence that Schneider knew of Dize's poor investments or that Schneider's failure to advise Dize in the probate process resulted in poor investment choices. As the district court recognized, the only

5

evidence of causation that Hartford has offered is the speculation as to what Hartford might have done to protect the funds in Morgan's estate if Schneider had known of Dize's misconduct and reported it. That evidence, however, does not sufficiently connect Schneider's alleged negligence to Hartford's loss. Accordingly, summary judgment was appropriate on the negligent misrepresentation and professional negligence claims that Hartford brought on its own behalf.

*2. Breach of Contract*

We also agree with the district court that no valid contract existed between Schneider and Hartford. Under Georgia law, a contract without consideration is invalid. O.C.G.A. § 13-3-40. Hartford has offered no evidence that Schneider received any consideration for his agreement to assist Dize in the probate process. Accordingly, no contract existed between Hartford and Schneider, and the district court correctly entered summary judgment in Schneider's favor on this issue.

*3. Promissory Estoppel*

Finally, we agree with the district court as to Hartford's promissory estoppel claim as well. Under Georgia law, a plaintiff claiming promissory estoppel must establish that (1) the defendant made a promise; (2) the defendant should have reasonably expected the plaintiff to rely on the promise; (3) the plaintiff relied on

the promise to its detriment; and (4) an injustice can only be avoided by the enforcement of the promise. *Rental Equip. Group v. MACI*, 587 S.E.2d 364, 367 (Ga. Ct. App. 2003). The reliance, however, must be reasonable. *Gilmour v. Am. Nat'l Red Cross*, 385 F.3d 1318, 1322 (11th Cir. 2004) (per curiam). The Georgia Court of Appeals, moreover, has declared that "it defies logic to suggest that the intended obligee could reasonably rely on a promise to be bound without any compensation to the promisor." *Fidelity & Deposit Co. of Maryland v. West Point Constr. Co.*, 344 S.E.2d 268, 270 (Ga. Ct. App. 1986).

Hartford has offered no evidence that it gave Schneider any compensation for any promise. Accordingly, any reliance on a promise from Schneider was unreasonable as a matter of law, and Hartford's promissory estoppel argument fails.

## IV. CONCLUSION

Summary judgment was appropriate on the claims that Hartford brought on behalf of Morgan's estate and those it brought on its own behalf. Accordingly, we affirm.

**AFFIRMED.**