### 19226.  Savannah Bag Company *v.* Citizens Bank & Trust Company.

Stephens, J.  1. Where a petition alleges that the defendant, a banking corporation, had contracted to make periodic loans of money during a designated period of time to a mercantile corporation in which the plaintiff was interested, and where the determination of the aggregated amounts to be loaned by the defendant at any one time is determinable as the mercantile corporation's "needs require from time to time" and proportionately to the amount of loans which another banking corporation makes to the plaintiff under a contract by that corporation with the plaintiff, but where the petition further alleges that it is provided in the contract sued on that the other banking corporation was under no obligation to make the loans which it had contracted to make to the plaintiff, unless the defendant made the loans which it had contracted to make to the mercantile corporation, the contract sued on, as alleged in the petition, is vague and uncertain in its terms, and is contradictory, in that it provides that the defendant bank contracts to make loans in proportion to the loans actually made by the other banking corporation to the plaintiff, but that the other banking corporation, under its contract with the plaintiff, is not bound to make loans to the plaintiff until the defendant makes loans under its contract with the mercantile corporation. The petition, in failing to allege in unambiguous terms that the sums contracted to be loaned by the defendant were determinable proportionately to the amount of loans which the other banking corporation under its contract would make to the plaintiff, must be construed as alleging that the contract sued on obligates the defendant to make loans to the mercantile corporation from time to time, within a stipulated period, as the mercantile corporation's "needs require from time to time."

2. A contract by which a banking corporation agreed to make periodic loans of money to another from time to time within a stipulated period, without any limitation on the aggregate amount to be loaned at any one time, but that the loans would be made from time to time as the borrower's needs might require, was too indefinite and uncertain, as respects the obligation resting upon the bank, to be capable of enforcement. *Hart* v. *Georgia Railroad Co.*, 101 *Ga.* 188 (28 S. E. 637); Erwin *v.* Erwin, 25 Ala. 236; Gafford *v.* Proskauer, 59 Ala. 264. In a suit against the banking corporation by the other contracting party, to recover damages for the alleged breach by the defendant in failing

to make loans of money as contracted for, the demurrer filed by the defendant was properly sustained.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1929.

*George H. Richter,* for plaintiff.
*McIntire, Walsh & Bernstein,* for defendant.