## 55664. REUBEN et al. v. FIRST NATIONAL BANK OF ATLANTA et al.

BIRDSONG, Judge.

Appellants, Reuben and Reuben & Associates, brought suit against the First National Bank of Atlanta and its wholly owned subsidiary Tharpe & Brooks, Inc. alleging fraudulent misrepresentation concerning financial contracts. Reuben, during the period from 1970 to 1975, was engaged in developing and building single home residences. Acquisition and construction loans were obtained from Tharpe & Brooks. These same parties previously had engaged in similar construction projects to their mutual gain. In its complaint, Reuben alleges that in February, 1974, it obtained oral promises from Tharpe & Brooks for 100% financing for acquisition of certain land in DeKalb County. However, when the actual contract was signed, Tharpe & Brooks agreed only to furnish 80% of the acquisition money. This required Reuben to expend over $75,000 of its cash reserves, leaving it in serious financial straits and making it impossible for Reuben to meet its payments on advances made by Tharpe & Brooks. Nevertheless, Reuben alleged that it also exacted promises from Tharpe & Brooks to advance five construction loans, from which the proceeds of sales of the completed projects would have allowed Reuben to meet its obligations. In actuality Tharpe & Brooks advanced only two construction loans and at the closing of the sale of one of these completed homes, Tharpe & Brooks sought to have Reuben sign a statement that no liens existed against the property. Because there were liens existing on the construction, Reuben refused to sign the guaranty and as a result the closing failed. As a result

of the failure to close, Reuben could not meet its obligations and Tharpe & Brooks foreclosed, depriving Reuben of the profits that would have been earned had the closing occurred. Evidence was offered showing that in March, 1974, after the purported oral promise to advance 100% acquisition funds, Reuben and Tharpe & Brooks entered into a written agreement whereby Tharpe & Brooks agreed to advance Reuben up to 80% for acquisition loans. There was no particularization in writing nor other evidence offered by Reuben as to interest rates, due dates or other particulars of the five construction loans that Tharpe & Brooks promised to advance to Reuben for development and construction of homes on land acquired for that purpose. Reuben alleged in its complaint that the appellees had conspired to defraud it of its property and assets and caused Reuben individually certain mental and physical injury because of these allegedly fraudulent acts. The trial court after considering the evidence and arguments of counsel granted summary judgment to the bank and its subsidiary. Reuben brings this appeal asserting that the court erred in the grant of summary judgment. Its appeal is based upon the premise that the pre-existing intent of the bank and its subsidiary never to authorize 100% acquisition loans and never to make all the construction loan amounts to such fraud as to overcome the written agreements between the parties. *Held:*

Appellants base their appeal upon several arguments. They recognize the rule that fraud ordinarily will not lie as to statements that are promissory in nature as to future acts. See *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427). Reuben attempts to carve an exception to that rule however, by reliance upon the principle that fraud may be predicated on the breach of a promise for a future event when the promisor had no intent to perform at the time the promise was made. See *Coral Gables Corp. v. Hamilton,* 168 Ga. 182 (147 SE 494).

This exception is not applicable in the present case. As to the first promise, i.e., to loan 100% of the acquisition costs, assuming there was such a promise (which appellees denied) it was superseded by the subsequent written agreement between the parties establishing the

promise as 80% of the acquisition costs. In *Albany Fed. Savings &c. Assn. v. Henderson,* 198 Ga. 116, 143 (31 SE2d 20), it was held: "It is settled by numerous decisions of this court that, where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract and parol evidence of prior or contemporaneous representation or statements can not be allowed to add to, take from, or vary the written instrument . . . 'Having reduced their contract to writing, all prior oral negotiations and agreements pertaining to the same subject-matter are merged into the writing and superseded by the writing.' "

Reuben invokes the exception to the rule as above stated by urging that the written agreement was tainted by fraud in that appellees did not intend to advance construction loans even though the promise was made to advance at least five such loans. It is Reuben's contention that these subsequent promises were a continuation of the original fraud and voided the 80% agreement.

This argument too must fail. This court in *Beasley v. Ponder,* 143 Ga. App. 810 (240 SE2d 111), held: "Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place [cits.], fraud cannot be predicated on a promise which is unenforceable at the time it is made [cits.]. A promise to make a loan with no specification of the interest rate or maturity date is not enforceable and will not support an action for fraud." See also *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 749 (236 SE2d 877); *Savannah Bag Co. v. Citizens Bank &c. Co.,* 40 Ga. App. 370 (149 SE 710). A promise to make "construction loans" without further particularity does not set forth an enforceable contract. Appellants acknowledge the *Beasley* and *Ponder* cases, supra, but ask us to overrule these decisions. This we decline to do.

Finally, appellants argue that doctrines of promissory and equitable estoppel bar the grant of summary judgment to appellees. These doctrines are inapplicable for the reason that estoppel applies to representations of past or present facts and not to

promises concerning the future, especially where those promises concern unenforceably vague future acts. See *Fields v. Continental Ins. Co.,* 170 Ga. 28 (152 SE 60).

Though there were disputes as to whether, in fact, promises were made to advance 100% of the acquisition money or to advance five construction loans, it was not in dispute that a written contract was entered into by the parties to this dispute stating that the appellees would advance only 80% of the acquisition money. It is also uncontested that no specific terms as to amounts, interest rates, due dates, etc., were established as to purported construction loans nor was there a showing that appellants were obligated to accept construction loans if no need arose therefor. These legal deficiencies destroyed Reuben's cause of action and justified the trial court's grant of summary judgment to appellees. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357); *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 203 (243 SE2d 565).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 20, 1978— REHEARING DENIED JULY 28, 1978 —

*Wayne A. Krause,* for appellant.
*Maley & Crowe, Wayne C. Crowe, M. Douglas Mann,* for appellees.