## A92A1262. BRIDGES v. RELIANCE TRUST COMPANY.
### (422 SE2d 277)

Pope, Judge.

Defendant Leon G. Bridges (hereafter "borrower"), jointly with another defendant who is not a party to this appeal, obtained two construction loans from plaintiff Reliance Trust Company (hereafter "lender"). Each loan was in the amount of $175,000 and was for the purpose of constructing one of two 5,000 square foot commercial buildings on land in Cobb County. The loans documents stipulated that the construction was to be made in accordance with the plans and specifications submitted to the lender. After the loans were executed and certain improvements had been made to the land in anticipation of construction of the buildings, the borrower learned that the county would not grant building permits for the planned 5,000 square foot buildings. Instead, development of the land would require the construction of buildings approximately twice as large and twice as costly as those originally planned and specified in the loan agreements. Consequently, few if any requests for advances were made against the loans during the first year and five months after the loans were executed.

When these circumstances were explained to the officer handling the loans for the lender, the borrower claims the officer nevertheless agreed to make advances on the loans without regard to the original plans and specifications so that the borrower could commence construction of the larger buildings. He claims he explained that he could not construct the larger buildings without additional loan funds and that the officer assured him "something will be worked out." Advances were then made to the full amount of the loans and the buildings were partially constructed but no additional funds were offered to the borrower.

The borrower defaulted on the loans, and the lender filed this action to recover the amounts due under the loans. The borrower answered and filed a counterclaim alleging the lender breached its agreement to extend the additional loan. The trial court granted summary judgment to the lender on its claim and on the borrower's counterclaim. The borrower appeals.

1. First, we address the borrower's argument that the trial court erred in granting summary judgment to the lender on its complaint for default of the two loans. According to the borrower, issues remain to be tried on his defenses of estoppel, fraud, mistake, setoff, impossibility, illegality and novation. First, we note that the defenses of fraud and illegality are affirmative defenses which, pursuant to Section 8 (c) of the Civil Practice Act, must be expressly pleaded. The borrower waived these defenses because they were not pleaded in his answer. The borrower did plead the affirmative defenses of estoppel

and setoff.

As will be discussed in Division 2, we hold that the trial court properly granted summary judgment on the defense of setoff. Summary judgment was also correctly granted to the lender on the borrower's remaining defenses. "A lender's refusal to make a second loan, or even misrepresentations that it would make a second loan, does not bar the lender from recovery of the amount owed under the first loan." *Rizk v. Jones*, 148 Ga. App. 473, 474 (251 SE2d 360) (1978), aff'd, 243 Ga. 545 (255 SE2d 19) (1979). Accord *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879 (278 SE2d 750) (1981); *Bonner v. Wachovia Mtg. Co.*, 142 Ga. App. 748 (1) (236 SE2d 877) (1977).

We note, however, that part of the amount claimed as due under each loan was a renewal fee. The record does not support the grant of judgment to the lender for this amount because, although both loans were renewed several times before they were declared in default, each renewal document recited that it was the first renewal of the loan and stated that any subsequent renewal would be subject to a renewal fee. Since the lender waived its right to the renewal fees it could have collected by reciting and acknowledging that the fee would be due only for subsequent renewals, it is not entitled to judgment for any renewal fees. Thus, we affirm the award of summary judgment to the lender except for the amount awarded as renewal fees.

2. Finally, we address the borrower's argument that the trial court erred in granting summary judgment to the lender on the borrower's counterclaim for breach of the alleged oral agreement to extend an additional loan to complete the construction of the expanded buildings. We agree with the trial court that enforcement of the alleged oral agreement to make an additional loan is barred by the Statute of Frauds. Pursuant to OCGA § 13-5-30 (7), effective July 1, 1988, any commitment to lend money must be in writing. The borrower argues that a jury issue is created concerning whether the alleged oral agreement was made before or after the effective date of the amendment to the Statute of Frauds. Both the borrower and one of his employees testified, however, that they believed the meeting between the borrower and the lender's officer, at which the alleged oral agreement was made, occurred in July of 1988. The borrower's co-defendant also testified that the meeting occurred after building permits were obtained on July 7, 1988.

Moreover, even if a factual issue remains concerning the applicability of the Statute of Frauds to the agreement, the borrower would not be able to prevail on his counterclaim because the alleged oral agreement is unenforceable. By the borrower's own admission, no definite terms of such a proposed loan were discussed or agreed upon. The facts of this case are similar to those in *Hartrampf*, supra, in which the lender sued to recover the unpaid balance owing on a note

after a foreclosure sale, and the borrower defended the claim and filed a counterclaim based on the allegation that the lender wrongly refused to honor its agreement to extend a second loan. In that case we held: "The purported second loan 'commitment' is no more than [the lender's] agreement to agree in the future. 'Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect.'" *Hartrampf*, 157 Ga. App. at 881. Accord *Sierra Assoc. v. Continental Ill. Nat. Bank &c.*, 169 Ga. App. 784 (1) (315 SE2d 250) (1984). We reject the borrower's argument that his testimony concerning his assumptions about the terms of the proposed loan creates an issue of fact for the jury. His assumption that the new loan would contain the same terms as the renewals of the existing loans is not only speculative, and therefore incompetent evidence, but is also invalid since the proposed loan was to be a new and different loan and not merely a renewal of the existing loans.

Citing OCGA § 13-5-31 (2) and (3), the borrower argues that even if the amendment to the Statute of Frauds was in effect at the time the alleged agreement was made, it is not applicable to the proposed loan because his performance under the alleged agreement was accepted by the lender and because the lender committed fraud in permitting the borrower to commence construction of two buildings which were not contemplated in the original loan and then refusing to abide by the agreement to lend additional sums to finish the buildings. The performance argument fails because the lender's decision to make advances under the written loans for construction of buildings not contemplated under the loans does not establish the lender's intent to waive the requirements of the written loan and proceed under a different oral agreement. Each loan specifies that at the option of the lender, advances may be made even in the event the borrower acts adversely to the terms of the loan without waiving the lender's right to demand payment or any other provision or obligation of the loan.

The fraud argument also fails because the alleged oral agreement was unenforceably vague. "A parol contract sought to be enforced as within some exception of the Statute of Frauds . . . must be certain and definite in all essential particulars, and if part performance is relied upon to make (it) enforceable, the part performance must be part performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the [performing party] if the [other party] refused to comply." (Punctuation and citations omitted.) *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (259 SE2d 729) (1979). This does not mean, however, that the borrower may bootstrap his argument that the Statute of Frauds does not apply to this case on his allegation of fraud because an unenforceably vague promise will not support an ac-

tion for fraud. " 'Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place (cits.), fraud cannot be predicated on a promise which is unenforceable at the time it is made (cits.). A promise to make a loan with no specification of the interest rate or maturity date is not enforceable and will not support an action for fraud.' [Cits.] A promise to make 'construction loans' without further particularity does not set forth an enforceable contract." *Reuben v. First Nat. Bank*, 146 Ga. App. 864, 866 (247 SE2d 504) (1978). "A promise to make a loan with no specification of the interest rate or maturity date is not enforceable and will not support an action for fraud. [Cits.]" *Beasley v. Ponder*, 143 Ga. App. 810 (240 SE2d 111) (1977). Neither does the doctrine of promissory estoppel apply to this case because "estoppel applies to representations of past or present facts and not to promises concerning the future, especially where those promises concern unenforceably vague future acts." *Reuben*, 146 Ga. App. at 866. Consequently, the trial court did not err in granting summary judgment to the lender on the borrower's counterclaim to enforce the alleged oral agreement to extend an additional loan.

The judgment of the trial court is affirmed with the exception that the trial court is directed to delete from the award that amount awarded as renewal fees, pursuant to our holding in Division 1.

*Judgment affirmed with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Peterson, Dillard, Young, Self & Asselin, Louise B. Matte,* for appellant.

*Parker, Johnson, Cook & Dunlevie, R. Wayne Bond, Christopher W. Derrick,* for appellee.