## A96A0254. VOYLES et al. v. SASSER et al.
### (472 SE2d 80)

Judge Harold R. Banke.

Pam Sasser and her business, Regal Insurance Agency, Inc. ("Regal"), sued C. E. Voyles, J. B. Voyles, W. F. Voyles (collectively "Voyles"), and Edward Bell White for breach of contract, promissory estoppel, and tortious interference with contract and business relations. We granted White's and the Voyles' application for interlocutory appeal from the trial court's denial of their motion for summary judgment.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that this action arose after Sasser purchased Regal from the Voyles, who also owned and operated Ed Voyles Oldsmobile, Inc. and Ed Voyles Companies. As part of the sales transaction, the parties agreed that Regal would continue to service the Voyles' insurance needs as it had prior to the sale. Several years later, Ed Voyles Companies began handling its insurance needs in-house instead of through Regal. Sasser and Regal then commenced this action. *Held*:

1. The trial court erred in denying the Voyles' motion for summary judgment on the breach of contract claim because the provision at issue was for an indefinite period and was thus terminable at either party's will. *Morris v. Park Newspapers &c.*, 149 Ga. App. 674, 675 (1) (255 SE2d 131) (1979); see *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701, 702 (331 SE2d 75) (1985). In fact, Sasser acknowledged the indefinite nature of the agreement in her deposition, admitting that the parties never discussed its duration and that nothing lasts forever.

2. The Voyles were also entitled to summary judgment because the doctrine of promissory estoppel has no application to this case. "[E]stoppel applies to representations of past or present facts and

not to promises concerning the future, especially where those promises concern unenforceably vague future acts.' [Cit.]" *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 403 (2) (422 SE2d 277) (1992); see *Loy's*, 174 Ga. App. at 702. Moreover, even if the doctrine had some application to these facts, the promise at issue was not sufficiently definite in time to justify Sasser's reliance on it. See *Fidelity & Deposit &c. v. West Point Constr. Co.*, 178 Ga. App. 578, 580 (344 SE2d 268) (1986).

3. No issues remain to be tried on the tortious interference with contract or business relation claims against White. In the absence of a valid and enforceable contract, summary judgment is appropriate. *Hylton v. American Assn. for Vocational Instructional Materials*, 214 Ga. App. 635, 638 (2) (488 SE2d 741) (1994); *Stahl Headers, Inc. v. MacDonald*, 214 Ga. App. 323, 324 (447 SE2d 320) (1994). Proof that White was no stranger to the business relations at issue is fatal to Sasser's claim of tortious interference with business relations. *Renden, Inc. v. Liberty Real Estate &c.*, 213 Ga. App. 333, 336 (2) (b) (444 SE2d 814) (1994). Under these circumstances, the Voyles and White were entitled to summary judgment.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 19, 1996 —
RECONSIDERATION DENIED MAY 7, 1996 — 

*Downey & Cleveland, Joseph C. Parker, William C. Anderson*, for appellants.

*Gregg Loomis*, for appellees.