A10A1407. GEORGIA INVESTMENTS INTERNATIONAL, INC. et al. v. BRANCH BANKING AND TRUST COMPANY.
(700 SE2d 662)

MILLER, Chief Judge.

Branch Banking and Trust Company (BB&T) sued Georgia Investments International, Inc., as maker, and George King Howington, as guarantor, to recover amounts owing on a promissory note and guaranty. The trial court granted BB&T's motion for summary judgment. On appeal, Georgia Investments and Howington claim that the trial court erred in finding that no genuine issues of material fact remained as to their affirmative defenses of estoppel and release of the guaranty. We disagree and affirm because BB&T's promises to refinance the loan were indefinite and vague and because BB&T's actions did not increase Howington's risk on the guaranty.

> On review of a grant of summary judgment, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper.

(Footnotes omitted.) *Ga. Real Estate Properties v. Lindwall*, 303 Ga. App. 12 (692 SE2d 690) (2010).

So viewed, the evidence shows that Georgia Investments was the

---

[5] See *In the Interest of R. W.*, 299 Ga. App. 505, 508 (2) (683 SE2d 80) (2009); *In the Interest of D. M.*, 299 Ga. App. 586, 590-591 (1) (683 SE2d 130) (2009).

maker of a promissory note payable to BB&T in the original principal amount of $1,750,000. The note was due in full on July 11, 2008. Howington guaranteed repayment of the note.

As the loan maturity date approached, Howington had numerous conversations with BB&T employees regarding a loan renewal or a new line of credit based on his equity in other properties and his past performance and credit. BB&T represented to Howington, individually, and as representative of Georgia Investments, that it would refinance the loan at issue or provide a line of credit to carry interest on the loan for 12 months. Howington relied on BB&T's promises and did not apply to a different bank for a loan, nor did he feel it necessary to sell his properties because he "was told BB&T was going to work with [him]."

After the loan maturity date passed, BB&T sent certified letters to Georgia Investments and Howington informing them, among other things, that Georgia Investments was in default under the note and that the entire principal balance and earned interest thereon was immediately due and payable. Howington set up a meeting with BB&T to finalize a new credit facility. Based on BB&T's prior statements, Howington thought that "he was going to be offered a credit line, extension or some other reasonable payment plan at the meeting." Instead, BB&T asked for payment of all interest due and a reduction of $100,000 in the principal amount of the loan. Howington was served with the underlying complaint the next day. The lawsuit, according to Howington, made it impossible for him to obtain financing through another lender.[1]

1. The underlying complaint is an action to collect on a promissory note and to enforce a guaranty. In their answer, Georgia Investments and Howington admitted the execution of the note and guaranty and Georgia Investments' failure to pay the loan.

> A creditor in possession of a valid and signed promissory note has a prima facie right to repayment, unless the debtor can establish a valid defense. A debtor cannot defeat this prima facie right of repayment by denying the debt for general reasons; it must assert a valid affirmative defense, such as estoppel or illegality.

(Footnotes omitted.) *City of Bremen v. Regions Bank*, 274 Ga. 733, 740 (5) (559 SE2d 440) (2002). Here, Georgia Investments and

---

[1] Howington provides no dates on which the various alleged meetings occurred; although the record shows that the note matured in July 2008, BB&T sent the demand letters in September 2008, and Howington was not served with the underlying lawsuit until November 2008.

Howington asserted the defense of estoppel. They contend that a jury should determine whether BB&T is estopped from suing to enforce the promissory note and guaranty due to BB&T's promises to provide new financing and not file suit. For purposes of summary judgment, although the movant might satisfy its original burden of showing a prima facie right to recover, "if the respondent successfully produces . . . rebuttal evidence in the form of an affirmative defense, the burden shifts back to the movant to establish the non-existence of a genuine issue of fact as to each affirmative defense." (Citation omitted.) *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996).

In contending that material issues of fact remain on their defense of estoppel, Georgia Investments and Howington rely on authorities applying principles of equitable estoppel and promissory estoppel. "Equitable estoppel may be used to prevent a party from denying at the time of litigation a representation that was made by that party and accepted and reasonably acted upon by another party with detrimental results to the party that acted thereon." (Footnote omitted.) *Mitchell v. Ga. Dept. of Community Health*, 281 Ga. App. 174, 179 (2) (635 SE2d 798) (2006). Georgia Investments and Howington, however, fail to show that representations by a lender to extend additional credit may form the basis of a defense to a suit on the original note. "A lender's refusal to make a second loan, or even misrepresentations that it would make a second loan, does not bar the lender from recovery of the amount owed under the first loan." (Citations and punctuation omitted.) *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 401 (1) (422 SE2d 277) (1992) (affirming grant of summary judgment to lender on borrower's "remaining defenses," which included estoppel).

Georgia has also adopted the doctrine of promissory estoppel.[2] "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." OCGA § 13-3-44. Promissory estoppel does not, however, apply to vague or indefinite promises, or promises of uncertain duration. *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 412 (5) (634 SE2d 162) (2006). Although BB&T's alleged promises contemplated a loan

---

[2] Inherent in Georgia Investments' and Howington's claims is that BB&T promised to make a future loan. "A claim is more appropriately analyzed under the doctrine of promissory estoppel, not equitable estoppel, where representations upon which the plaintiff allegedly relied are more akin to statements of future intent than past or present fact." 28 AmJur2d Estoppel and Waiver § 50. See *Mooney v. Mooney*, 245 Ga. App. 780, 783, n. 14 (538 SE2d 864) (2000) (promissory estoppel can apply to executory promises).

for a certain duration, the promise was vague and indefinite as to other material terms, particularly the interest rate. See *Jackson v. Ford*, 252 Ga. App. 304, 308 (1) (c) (555 SE2d 143) (2001) (promise which could not support breach of contract allegations was also too vague and indefinite to sustain promissory estoppel claim); *Reuben v. First Nat. Bank of Atlanta*, 146 Ga. App. 864, 867 (247 SE2d 504) (1978) (promise to make loan with no specification of interest rate or maturity date was unenforceably vague). Howington argues that BB&T promised to refinance the note without discussion of changing the current interest rate and that interest would continue to accrue at the pre-existing interest rate. But a borrower's "assumptions about the terms of the proposed loan [do not] create[ ] an issue of fact for the jury." *Bridges*, supra, 205 Ga. App. at 402 (2). Howington's affidavit, while it reports "conversations ... about renewing the loan," does not show that BB&T promised to renew the existing loan based on all pre-existing material terms. For example, he avers that BB&T's lawyer represented that BB&T would provide "financing under certain terms and conditions," but Howington does not specify these terms and conditions. Accordingly, we conclude that BB&T satisfied its burden of showing the lack of a genuine issue of fact as to Howington's defense of estoppel.[3]

2. Georgia Investments and Howington also raised the defense that BB&T increased Howington's risk as guarantor of the loan by creating the expectation that it would either refinance the loan or provide a line of credit, thus causing Georgia Investments and Howington not to seek financing from another lender. They claim that issues of material fact remain for the jury. We disagree.

> Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk or exposes him to greater liability shall discharge him; a mere failure by the creditor to sue as soon as the law allows or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety.

OCGA § 10-7-22. We have consistently held that a lender's failure to lend additional sums to a principal does not discharge a guarantor

---

[3] The trial court found that Howington could not reasonably rely on BB&T's promises, but its analysis relies on BB&T's argument that oral promises to lend money are not enforceable under the statute of frauds. See OCGA § 13-5-30 (7). "[T]he Supreme Court has rejected the argument that the statute of frauds bars a promissory estoppel claim." *Sun-Pacific Enterprises v. Girardot*, 251 Ga. App. 101, 105 (2) (553 SE2d 638) (2001). Nevertheless, "[i]t is the grant [of summary judgment] itself that is to be reviewed for error, and not the analysis employed." (Citation and punctuation omitted.) *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).

from liability for the amount which was actually advanced by the lender. *Hornsby v. First Nat. Bank &c.*, 154 Ga. App. 155, 158 (5) (267 SE2d 780) (1980); *Bonner v. Wachovia Mtg. Co.*, 142 Ga. App. 748, 750 (1) (236 SE2d 877) (1977); *Colodny v. Dominion Mtg. &c.*, 141 Ga. App. 139, 141-142 (2) (232 SE2d 601) (1977). Accordingly, BB&T established that there was no issue of material fact as to the defense that BB&T's actions in promising to refinance the loan or to extend a line of credit increased Howington's risk under the guaranty. It follows that the trial court did not err in granting summary judgment to BB&T on its action to recover on the note and the guaranty.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 2010.

*Thomerson, Spears & Robl, Michael D. Robl*, for appellants. *Robert A. Weber*, for appellee.