### A11A1400. HELTON v. JASPER BANKING COMPANY.
(715 SE2d 765)

BARNES, Presiding Judge.

Jasper Banking Company sued Shepard Helton for breach of a personal guaranty. Helton answered and raised the affirmative defense of lack of consideration. The bank moved for summary judgment, and the trial court granted the motion. On appeal, the central issue is whether Helton was entitled to introduce parol testimony that the wrong date of execution had been typed on the guaranty. We conclude that parol testimony was admissible and created a genuine issue of material fact over whether the guaranty was executed after the bank had already extended credit to the underlying debtor, and thus over whether the guaranty was void for lack of consideration. Consequently, we reverse the trial court's grant of summary judgment to the bank.

"Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a

---

[2] *Rainly v. State*, 307 Ga. App. 467, 477 (6) (705 SE2d 246) (2010).

matter of law." *Clayton v. Southern Gen. Ins. Co.*, 306 Ga. App. 394 (702 SE2d 446) (2010). See OCGA § 9-11-56 (c).

> For purposes of summary judgment, although the movant might satisfy its original burden of showing a prima facie right to recover, if the respondent successfully produces rebuttal evidence in the form of an affirmative defense, the burden shifts back to the movant to establish the non-existence of a genuine issue of fact as to each affirmative defense.

(Citation and punctuation omitted.) *Ga. Investments Intl. v. Branch Banking & Trust Co.*, 305 Ga. App. 673, 675 (1) (700 SE2d 662) (2010). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that on April 24, 2007, Zanjero, LLC obtained a loan from Jasper Banking Company in the principal amount of $1,025,644.05 that was memorialized in a note and secured by a mortgage deed. The bank subsequently agreed to extend the maturity date of the loan, and on April 24, 2009, the note was renewed in the principal amount of $1,026,144.05. Shepard Helton executed a personal guaranty that referenced the renewed note and the amount owed under it. Typed on a line at the top of the guaranty was the date of April 24, 2009. Above the line bearing Helton's signature, the guaranty read: "[T]his guaranty has been duly executed by the Undersigned the day and year first above written." There was no handwritten date next to Helton's signature.

In June 2010, the bank sued Helton for breach of the guaranty, alleging that Zanjero had defaulted under the terms of the renewed note and that Helton had refused to cure the default.[1] The bank sought the principal sum owed under the note of $1,026,144.05, plus interest, attorney fees, and costs. Helton answered and denied liability on several grounds, including that there was a lack of consideration for the guaranty.

The bank moved for summary judgment on its claim of breach of the guaranty. The bank pointed out that the guaranty specifically referenced the renewed note; that the guaranty had the same date of execution and amount of indebtedness typed on it as the date and

---

[1] The bank also sued Zanjero for breach of contract and moved for summary judgment on that claim as well. The trial court granted summary judgment in favor of the bank on its contractual claim against Zanjero, but that ruling is not before us in this appeal.

amount of the renewed note; and that the guaranty undisputedly had been executed by Helton. The bank also submitted the affidavit of its chief executive officer averring that Zanjero had defaulted on the renewed note and that Helton had failed to cure the default. Based upon this evidence, the bank contended that the uncontroverted record showed that the guaranty was enforceable and that Helton had breached its terms.

In response to the bank's motion for summary judgment, Helton contended there were genuine issues of material fact over whether there was consideration for his execution of the guaranty. To support his contention, Helton submitted an affidavit indicating that the wrong date of execution had been typed on the guaranty. Helton averred that he had executed the guaranty on a date *after* the note had already been renewed and that no new consideration had flowed to him as a result of his execution of the guaranty. As such, Helton asserted that the bank's renewal and extension of further credit to Zanjero, as reflected in terms of the renewed note, had not been conditioned upon his execution of the guaranty.

In a summary order, the trial court found that there were no genuine issues of material fact regarding the breach of the guaranty and granted summary judgment in favor of the bank. This appeal followed.

In several related enumerations of error, Helton argues that the trial court erred in granting summary judgment to the bank because there were genuine issues of material fact over whether there was consideration for his execution of the guaranty. He points to his affidavit and argues that parol evidence was admissible to show that the date of execution typed on the guaranty was wrong. In contrast, the bank argues that parol evidence was inadmissible to contradict the unambiguous date set forth on the face of the guaranty and thus contends that no genuine issue of material fact existed on the issue of consideration. We agree with Helton.

The general rule, as the bank contends, is that "[p]arol evidence is not admissible to contradict or construe an unambiguous [written] contract." (Footnote omitted.) *Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 318 (1) (707 SE2d 555) (2011). But as with any general rule, there are exceptions; for example, "[p]arol evidence is admissible to prove a mistake in a deed or any other contract required by law to be in writing." OCGA § 24-6-7. See *Morris v. Morris*, 282 Ga. App. 127, 133 (5) (637 SE2d 838) (2006). Hence, our Supreme Court has held that a witness may testify that "a certain deed was executed on a date other than the date stated in the deed over [a party's] objection that a written instrument can not be altered by oral testimony" because parol evidence is admissible to prove a mistake in the date inserted on the deed. *Smith v. Smith*, 223 Ga. 560, 561 (4)

(156 SE2d 901) (1967). See also *Irwin v. Dailey*, 216 Ga. 630, 633 (1) (118 SE2d 827) (1961). Like a deed, a guaranty is required by law to be in writing. See OCGA § 13-5-30 (2); *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482 (1) (445 SE2d 297) (1994). It follows that, as in the context of a deed, a witness is entitled to offer parol testimony that the guaranty was executed on a date other than the date inserted on the guaranty. See *Cohen v. Sandy Springs Crossing Assocs.*, 238 Ga. App. 711, 713 (520 SE2d 17) (1999). Helton's affidavit thus was admissible to show that the wrong date of execution had been typed on the guaranty and that it had in fact been executed after the note had already been renewed.

Because Helton's affidavit constituted admissible evidence that the guaranty was executed sometime after the note had been renewed, there was a genuine issue of material fact over whether the guaranty was void for lack of consideration.

> A promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor or any benefit secured to the debtor in consequence of the undertaking, is a mere nudum pactum. Thus, a contract of guaranty executed after the original obligation must be founded on some new type of consideration, independent of that flowing to the principal and flowing directly to the guarantor. Past consideration — one which has already served its purpose in a former transaction will not support a contract of guaranty.

(Citations and punctuation omitted.) *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 582-583 (8) (260 SE2d 523) (1979). See *Lamb v. Fulton-DeKalb Hosp. Auth.*, 297 Ga. App. 529, 533-534 (2) (677 SE2d 328) (2009); *Citizens & Southern Nat. Bank v. Williams*, 147 Ga. App. 205, 208 (4) (249 SE2d 289) (1978). Accordingly, in light of the factual dispute as to whether there was consideration for the guaranty, the trial court erred in granting summary judgment to the bank.

*Judgment reversed. Adams and Blackwell, JJ., concur.*

DECIDED AUGUST 3, 2011.

*Tilley, Deems & Helton, Shepard Helton*, pro se.
*Macey, Wilensky, Kessler & Hennings, Hal J. Leitman*, for appellee.