## A11A2342. BIG SANDY PARTNERSHIP, LLC et al. v. BRANCH BANKING & TRUST COMPANY.
### (723 SE2d 82)

ANDREWS, Judge.

Branch Banking & Trust Company (BB&T) sued Big Sandy Partnership, LLC; Harlan Forest, LLC; and Thomas H. McCook, Jr. (collectively referred to as the Debtors) to collect amounts due BB&T on promissory notes given or guaranteed by the Debtors. The Debtors appeal from the grant of summary judgment in favor of BB&T on the notes and guarantees. For the following reasons, we affirm.

1. The Debtors claim that the trial court erred in granting summary judgment in favor of BB&T because genuine issues of fact remain as to their affirmative defenses.

It is undisputed that the Debtors defaulted and failed to pay the amounts due under the terms of the notes and guarantees. Under OCGA § 9-11-56, BB&T had the burden on its motion for summary judgment to establish that there was no genuine issue of fact and that it was entitled to judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Where, as here, the record shows that the promissory notes and guarantees were duly executed by the Debtors and are in default, a prima facie right to

---

judgment as a matter of law was established and the burden of production shifted to the Debtors to produce or point to evidence in the record which established an affirmative defense. *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 649-650 (497 SE2d 397) (1998); *Gentile v. Bower*, 222 Ga. App. 736, 738 (477 SE2d 130) (1996); *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 138 (579 SE2d 11) (2003); *Helton v. Jasper Banking Co.*, 311 Ga. App. 363-364 (715 SE2d 765) (2011). In response to BB&T's motion for summary judgment, the Debtors were not entitled to rest on allegations in their pleadings to establish affirmative defenses on which they had the burden of proof at trial, but were required to come forward with or point to specific facts in the record to establish affirmative defenses. *Southeast Reducing Co. v. Wasserman*, 229 Ga. App. 1, 4-5 (493 SE2d 201) (1997). Except as to the defense that BB&T failed to mitigate damages, the Debtors did not produce or point to facts in support of their alleged affirmative defenses. Rather, they argue on appeal that the trial court erred in granting summary judgment in favor of BB&T as to their alleged defenses because BB&T "failed to present sufficient evidence to pierce Appellants' pleadings and overcome each of the Appellants' defenses." Contrary to the Debtors' contentions, BB&T was not required in support of its motion for summary judgment to present evidence to disprove affirmative defenses alleged in the Debtors' pleadings on which the Debtors had the burden of proof at trial. *Bell v. Smith*, 227 Ga. App. 17, 18-19 (488 SE2d 91) (1997). Instead, BB&T carried its burden on summary judgment by pointing out the absence of any evidence in the record to support the alleged affirmative defenses. *Imex Intl., Inc. v. Wires Engineering*, 261 Ga. App. 329, 339 (583 SE2d 117) (2003); *Lau's Corp.*, 261 Ga. at 491.

2. The Debtors claim that the trial court erred in granting summary judgment in favor of BB&T because there was a genuine issue of material fact as to their affirmative defense that BB&T failed to mitigate damages as required by OCGA § 13-6-5.

In support of their mitigation of damages defense, the Debtors pointed to evidence in the record showing that, as security for the notes, BB&T was the grantee of security deeds over real property owned by the Debtors which, upon default on the notes, gave BB&T the right to sell the property by non-judicial foreclosure. The Debtors claim that, to mitigate damages resulting from default, BB&T was required under OCGA § 13-6-5 to foreclose under the security deeds and use the proceeds from the sale of the property to reduce the amount due under the notes and guarantees.

Under OCGA § 13-6-5, "[w]here by a breach of contract a party is injured, he is bound to lessen the damages as far as practicable by the use of ordinary care and diligence." BB&T was not bound to

mitigate damages under OCGA § 13-6-5 because the notes and guarantees at issue contained absolute promises by the Debtors to pay the amounts due, and "OCGA § 13-6-5 does not apply to an absolute promise to pay. *Reid v. Whisenant*, 161 Ga. 503, 509-510 (131 SE 904) [(1926)]; *Haley v. Oaks Apartments[, Ltd.]*, 173 Ga. App. 44, 46 (325 SE2d 602) (1984)." *American Express Travel Related Svcs. Co. v. WEB, Inc.*, 261 Ga. 480, 483 (405 SE2d 652) (1991). Moreover, this claim fails because it is well-settled that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale." *REL Development, Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 431 (699 SE2d 779) (2010) (citation and punctuation omitted). The Debtors concede that BB&T had these rights under the debt instruments at issue.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 1, 2012 — 

*Stone & Baxter, Christopher W. Terry, Matthew S. Cathey*, for appellants.

*Quirk & Quirk, Kevin E. Quirk, Joseph P. Farrell*, for appellee.