A11A2020, A11A2021. SECURED REALTY INVESTMENT, INC. et al. v. BANK OF NORTH GEORGIA; and vice versa.
(725 SE2d 336)

McFADDEN, Judge.

These appeals arise from a bank's lawsuit to collect amounts due on two promissory notes given or guaranteed by the debtors. The trial court denied summary judgment to the bank as to one of the notes and granted summary judgment to the bank as to the other note. Because there are no genuine issues of material fact, we affirm the grant of summary judgment and reverse the denial.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *Brooks v. Gwinnett Community Bank*, 311 Ga. App. 806 (717 SE2d 647) (2011).

So construed, the evidence shows that Secured Realty Investment, Inc., executed a promissory note, identified as Note 20, in favor of Bank of North Georgia ("BNG") in the principal sum of $911,557, and Dennis McDowell personally guaranteed the note. Secured also executed another promissory note, identified as Note 21, in favor of BNG in the principal amount of $3.8 million, and McDowell personally guaranteed that note as well. Secured and McDowell defaulted and failed to pay the amounts due to BNG under the terms of the notes and guarantees.

BNG sued Secured and McDowell to collect the amounts due.

BNG subsequently moved for summary judgment, filing the affidavit of its senior vice-president, along with documentary evidence, which set forth the parties' contracts and accounts, the debtors' defaults and their total debt to BNG. After a hearing, the trial court denied summary judgment to the bank as to Note 20 and granted summary judgment as to Note 21. In Case No. A11A2020, Secured and McDowell appeal from the grant of summary judgment on Note 21; and in Case No. A11A2021, BNG appeals from the denial of summary judgment on Note 20.

### Case No. A11A2020

1. Secured and McDowell contend that the trial court erred in granting summary judgment in favor of the bank because genuine issues of material fact remain as to their affirmative defenses. The contention is without merit.

Under OCGA § 9-11-56, BNG had the burden on its motion for summary judgment to establish that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Where, as here, the record shows that the promissory notes and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law was established, and the burden shifted to Secured and McDowell to produce or point to evidence in the record which established an affirmative defense. *Helton v. Jasper Banking Co.*, 311 Ga. App. 363, 363-364 (715 SE2d 765) (2011); *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 138 (1) (579 SE2d 11) (2003); *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 649-650 (3) (b) (497 SE2d 397) (1998). In response to the bank's motion for summary judgment, Secured and McDowell were not entitled to rest on allegations in their pleadings to establish affirmative defenses on which they would have the burden of proof at trial, but were required to come forward with or point to specific facts in the record to establish affirmative defenses. *Southeast Reducing Co. v. Wasserman*, 229 Ga. App. 1, 4-5 (2) (493 SE2d 201) (1997). Secured and McDowell failed to point to such specific facts establishing a triable issue as to their affirmative defenses of estoppel and breach of the implied covenant of good faith and fair dealing.

(a) "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." (Citation and punctuation omitted.) *Griffin v. State Bank of Cochran*, 312 Ga. App. 87, 94 (2) (a) (718 SE2d 35) (2011). Similarly, under the doctrine of promissory estoppel, "[a] promise which the

promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." (Citation and punctuation omitted.) *Georgia Investments Intl. v. Branch Banking & Trust Co.*, 305 Ga. App. 673, 675 (1) (700 SE2d 662) (2010). However, promissory estoppel does not apply to vague or indefinite promises, or promises of uncertain duration. Id.

In this case, Secured and McDowell point to no deception by BNG or any promise upon which they relied to their detriment, and instead point only to the fact that the bank had previously renewed other loans. But there is no evidence that BNG made any promise to renew the instant loan; indeed, Secured and McDowell acknowledge in their brief that "[i]t is undisputed that [BNG] did not attempt to renew Note 21." Given the absence of any evidence of deception or a promise to renew, not to mention the complete lack of evidence of the specific terms and conditions of any purported loan renewal promise, the bank "satisfied its burden of showing the lack of a genuine issue of fact as to [the] estoppel defense. [Cit.]" *Griffin*, supra at 96 (2) (a).

(b) Secured and McDowell claim that BNG breached an implied contractual duty of good faith and fair dealing by using money from certain depository accounts to set off some of their other delinquent debts. We disagree.

> Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement. The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability. Therefore, to prevail on their claim for breach of the duty of good faith and fair dealing, [Secured and McDowell] must establish that [BNG] owed a contractual obligation.

(Citations omitted.) *Onbrand Media v. Codex Consulting*, 301 Ga. App. 141, 147 (2) (c) (687 SE2d 168) (2009). However, Secured and McDowell have not claimed, let alone established, that there is a contractual obligation in the note or guarantee prohibiting the use of funds from deposit accounts to set off delinquent debts. On the contrary, BNG points to specific contract language allowing such a set-off. Because Secured and McDowell have not met their burden, "[i]t follows that the trial court properly granted summary judgment to the [bank] on this claim." Id. at 148. See also *WirelessMD v. Healthcare.com Corp.*, 271 Ga. App. 461, 468-469 (2) (610 SE2d 352) (2005).

## Case No. A11A2021

2. BNG asserts that the trial court erred in denying its motion for summary judgment as to Note 20 because, as with Note 21, it established a prima facie case and the debtors then failed to meet their burden of pointing to specific evidence establishing an affirmative defense. We agree.

As explained above in Division 1, where, as here, the record shows that the promissory notes and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law was established, and the burden shifted to Secured and McDowell, not to rest on allegations in their pleadings, but to point to evidence establishing an affirmative defense. See *Helton*, supra; *Reece*, supra; *Miller*, supra. For the same reasons discussed above in Division 1 as to Note 21, Secured and McDowell also failed to meet that burden as to their affirmative defenses of estoppel and breach of the implied covenant of good faith and fair dealing pertaining to Note 20.

With regard to Note 20, Secured and McDowell also defended on the ground that although it is undisputed that BNG retained the note, it assigned a mortgage which secured that note to a third party. In denying summary judgment, the only basis articulated by the trial judge at the summary judgment hearing was that he was "unsettled about this matter of the split, of the security deed being sold." Presumably, the trial court was concerned about the possibility of a double payment by the debtors. However, the burden for avoiding such a possibility lies with Secured and McDowell.

> The maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine same and pay only the holder or his authorized agent. . . . The long and short of the matter is that the borrower must be as careful in repaying the debt as the lender presumptively was in making the loan.

(Citations and punctuation omitted.) *Groover v. Peters*, 231 Ga. 531, 532 (202 SE2d 413) (1973). Thus, while the borrowers must be careful in repaying the debt, the bank's assignment of the security deed does not constitute a defense to their liability for defaulting under the note.

"The power of sale in a security deed simply gives to the grantee a remedy for the collection of his debt in a summary way. The power is conferred for the purpose of enabling the grantee to collect his debt." (Citation and punctuation omitted.) *Coleman Road Assoc. v. Culpepper*, 214 Ga. App. 475 (1) (448 SE2d 83) (1994). The fact that the bank gave up this remedy for collecting the debt in a summary way does not eliminate Secured and McDowell's obligations to repay the debt as required by the promissory note and guarantee; it simply means that the bank no longer has security for that debt. Indeed, the terms of Note 20 and the related guarantee require repayment regardless of any collateral securing the loan. The note provides that if the bank gives up any of its rights, it will not affect the duty of the debtors to pay the note. And the McDowell guarantee provides, among other things, that his liability to pay shall not be affected by "any release, modification . . . or loss of any collateral security." Moreover, should this liability to pay be discharged, "a deed purporting to secure a debt . . . which has been discharged is not a valid instrument and may be regarded as no more than a cloud on the title." (Citations omitted.) Daniel F. Hinkel, 2 Pindar's Georgia Real Estate Law and Procedure, § 21-28 (6th ed.).

Even if BNG had not transferred its collateral security, it still could opt to sue on the note and not attempt to satisfy the debt via that collateral.

> [A] creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or pursue both remedies concurrently until the debt is satisfied. In other words, the holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale.

(Citations and punctuation omitted.) *REL Dev. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 431 (1) (699 SE2d 779) (2010). Consistent with this well-settled principle, the guarantee provides that the bank shall not be required to enforce or exhaust any collateral security for indebtedness before enforcing the guarantee.

Because the record shows that BNG proved a prima facie case by showing that Secured and McDowell signed the promissory note and guarantee and are now in default, and as we have found no merit in the issues raised by Secured and McDowell in rebuttal, the trial court should have granted summary judgment in favor of BNG. See

*Phillips v. Plymale*, 191 Ga. App. 338, 339-340 (1) (381 SE2d 580) (1989).

*Judgment affirmed in Case No. A11A2020. Judgment reversed in Case No. A11A2021. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 7, 2012.

*Charles M. Lane*, for appellants.

*Stokes, Lazarus & Carmichael, William K. Carmichael, Rachel Humphrey*, for appellee.